**Zabrina BAYSMORE and Mary Russell Baysmore, Her Parents, Appellees,**

v.

**Bernard BROWNSTEIN, M.D., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 2000.

Filed March 30, 2001.

John B. Day, Philadelphia, for appellant.

Sharon Wilson, Philadelphia, for appellees.

Before DEL SOLE, JOHNSON and BECK, JJ.

DEL SOLE, J.:

¶ 1 Bernard Brownstein appeals from the judgment entered against him in a medical malpractice action. This appeal followed the trial court's denial of Appellant's motion for post-trial relief. We affirm.

¶ 2 The trial court summarized the procedural and factual history of this case as follows:

This medical malpractice action arises from Dr. Bernard Brownstein's ("Defendant") alleged negligent actions both in prescribing Dilantin, an anti-seizure medication, to Zabrina Baysmore ("Plaintiff") and in negligently monitoring her condition while she was taking the Dilantin. [Footnote omitted]. Plaintiff suffered a hypersensitivity to the drug that required her admission to the Children's Hospital of Philadelphia ("CHOP"). Plaintiff further alleged that this hospitalization caused her to suffer emotional damage.

Trial took place between the dates of November 8, 1999 and November 15, 1999, after which the jury entered a unanimous verdict in favor of Plaintiff in the amount of $150,000. On March 8, 2000, this Court issued an Order deny-

ing Defendant's subsequent Motion for Post-trial Relief.

Trial Court Opinion, 5/30/00, at 1.

¶ 3 On appeal, Appellant presents the following questions for our review:

I. Did the Judge responsible for ruling on pre-trial requests (i.e., a request for a continuance made on the day before the scheduled trial date) err where she three (3) times refused to grant a continuance alleged to be justified because Appellant had purchased a non-refundable vacation in Africa?

II. Did the trial judge properly apply the rule of law stating that judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions where the trial judge refused to rule on Appellant's request for a continuance because of the coordinate jurisdiction rule?

III. Where Appellant was not present for the trial because he had unknowingly purchased a non-refundable vacation in Africa with his wife, did the trial court properly find that Appellant had "procured" his own absence thereby justifying the trial judge's refusal to allow Appellant's deposition to be read into evidence?

Appellant's Brief at 3.

¶ 4 Before addressing the questions raised by Appellant, we must address the 1925(b) statement filed by Appellant. The trial court filed an order requiring Appellant to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b). Appellant filed a "Concise Statement of Matters Complained of on Appeal" on April 14, 2000 which read, in its entirety, as follows:

Pursuant to provisions of Pa.R.App.P.1925(b)("concise statement of matters complained of on appeal"), Bernard Brownstein, M.D., intends to assert on appeal all 13 grounds asserted in his Brief in Support of his Motion for Post Trial Relief. Those grounds are identified at length in pages 2 through 24 of that document.

I certify that copies of this statement were served upon the Hon. Howland Abramson as the trial judge and all opposing counsel, Sharon Wilson, Esq.

Appellant's Concise Statement of Matters Complained of on Appeal, 4/14/00.

¶ 5 Rule 1925 of Appellate Procedure provides, in pertinent part:

**RULE 1925. OPINION IN SUPPORT OF ORDER**

\* \* \*

**(b) Direction to File Statement of Matters Complained of.**

The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P.1925.

¶ 6 In *Commonwealth v. Lord,* the Pennsylvania Supreme Court held:

From this date [October 28, 1998] forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.

*Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998). In further interpreting this provision of Rule 1925, and in light of *Commonwealth v. Lord,* this Court has held that issues not raised in a Rule 1925(b) statement are waived even if the trial judge drafts an opinion pursuant to Pa.R.A.P.1925(a). *Commonwealth v. Steadley,* 748 A.2d 707, 709 (Pa.Super.2000).

¶ 7 While Appellant has filed a document entitled "Concise Statement of Matters Complained of on Appeal," this statement is largely inadequate. First, Appellant fails to present a concise statement of the issues as required by the Rule. Second, Appellant refers to the Brief in Support of the Motion for Post-trial relief. A brief is not a pleading included in the record. Accordingly, we do not have a copy of the brief to review in order to determine what issues are being raised.

■ ¶ 8 Despite the glaring inadequacy of the 1925(b) statement, the trial court prepared an opinion based upon the issues it presumed to be raised on appeal in light of Appellant's 1925(b) statement. Because Appellant technically filed a concise statement of matters complained of on appeal, although lacking in content, we will exercise the discretion granted in Pa.R.A.P. 1925 and address those issues addressed by the trial court, trusting that the trial court anticipated those issues were to be raised on appeal in light of Appellant's inadequate 1925(b) statement. Fortunately for the Appellant, the trial court did address the three issues raised by Appellant in its brief on appeal. Accordingly we will address those issues.

¶ 9 Appellant first contends that Judge Moss, the judge responsible for ruling on the pre-trial requests, erred in denying Appellant's three motions for continuance. We disagree.

■ ¶ 10 The trial court is vested with broad discretion in the determination of whether a request for a continuance should be granted, and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent. *Walasavage v. Marinelli,* 334 Pa.Super. 396, 483 A.2d 509, 518 (1984). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will. *Commonwealth v. Smith,* 543 Pa. 566, 673 A.2d 893, 895 (1996).

¶ 11 The record reveals that trial was scheduled for November 8, 1999, as early as August 4, 1999. The record also reveals that copies of notice of trial were sent to all concerned parties on September 2, 1999. Counsel for Appellant first requested a continuance from the court on October 27, 1999. The request for the continuance was based on the fact that Appellant had a pre-paid overseas vacation scheduled for October 29, 1999, through November 14, 1999. The Appellant asserts that in preparation for this trip, he and his wife began undergoing immunization procedures. Accordingly, it appears that Appellant's vacation was scheduled well before October 27, 1999, when the first request for a continuance was made.

■ ¶ 12 The general rule regarding the timeliness of an application for a continuance states that no application for a continuance will be granted if it is based on a cause existing and known at the time of publication or prior call of the trial list, unless such application is presented to the court at a time fixed by the court, which must be at least one week before the first day of the trial period. Pa.R.C.P. 216(c). While certain exceptions exist to the gen-

eral rule, whereby the court may in its sound discretion grant a request for a continuance due to the absence of a party or witness, the court may still demand a showing of diligence on the part of the movant before so granting. *Geiger v. Rouse,* 715 A.2d 454, 457 (Pa.Super.1998), *appeal denied,* 1999 Pa. Lexis 554 (Pa. filed March 3, 1999).

¶ 13 In this case, it appears that the application for a continuance was based on a cause previously existing and known. Moreover, there was no showing of due diligence on behalf of Appellant prior to seeking the continuance. Furthermore, the trial had been previously rescheduled. Accordingly, we do not find that the trial court abused its discretion in denying the Appellant's first three requests for continuance.

¶ 14 The Appellant next contends that the trial court erred in failing to grant Appellant's fourth request for a continuance.

¶ 15 On October 28, 1999, counsel for Appellant sent a letter to the Honorable Sandra Mazer Moss, requesting a conference to discuss the possibility of a continuance. Counsel's request for a continuance was denied. Counsel sent a second letter to Judge Moss, also dated October 28, 1999, requesting reconsideration of the denial of his request for a continuance. This second request was also denied. Appellant's counsel sent yet another letter to Judge Moss requesting a conference to discuss the possibility of a continuance. Judge Moss again denied this third request for a continuance.

¶ 16 Subsequently, the case was assigned to Judge Abramson, who was to serve as trial judge. Appellant's counsel faxed to Judge Abramson's chambers a motion entitled "Motion for a Brief Continuance Based on the Inability of Defendant, Bernard Brownstein, M.D. to Attend Trial." In the motion, counsel failed to mention that three prior requests for a continuance had been denied by the court. Although not mentioned in the motion, Judge Abramson learned of the prior denials and therefore denied Appellant's fourth request for a continuance.

¶ 17 We find that Judge Abramson properly denied this fourth request for a continuance based on the coordinate jurisdiction rule. Pennsylvania courts have long recognized that under the coordinate jurisdiction rule, judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions. *Riccio v. American Republic Ins. Co.,* 550 Pa. 254, 705 A.2d 422, 425 (1997). The coordinate jurisdiction rule is premised on the sound jurisprudential policy of fostering finality in pre-trial proceedings, thereby promoting judicial economy and efficiency. *Id.* This rule prevents forum shopping because without this rule, the same issue could be raised repeatedly before different judges of the same court until a litigant finds a judge sympathetic to his or her position. *Electronic Lab. Supply Co. v. Cullen,* 712 A.2d 304, 307 (Pa.Super.1998). An exception to this rule is when there is new evidence or newly decided legal authorities compelling the second judge to overrule the first judge's decision. *Id.*

¶ 18 No exception applies in this case. Accordingly, under the coordinate jurisdiction rule, Judge Abramson properly denied Appellant's fourth motion for a continuance.

¶ 19 Appellant's third and final contention is that the trial court erred in finding that he had procured his own absence thereby justifying the trial judge's refusal to allow Appellant's deposition to be read into evidence.

¶ 20 In civil cases, the introduction of depositions, or parts thereof, at trial is provided for by Pa.R.C.P. 4020. In relevant part, Rule 4020 provides:

**Rule 4020. Use of Depositions at Trial**

(a) At the trial, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions:

\* \* \*

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds

\* \* \*

(b) that the witness is at a greater distance than one hundred miles from the place of trial or is outside the Commonwealth, unless it appears that the absence of the witness was procured by the party offering the deposition....

Pa.R.C.P. 4020(a). The relevant rule of evidence provides:

**Rule 804. HEARSAY EXCEPTIONS; DECLARANT UNAVAILABLE**

(a) Definition of Unavailability.

"Unavailability as a witness" includes situations in which the declarant:

\* \* \*

(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means.

A declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying.

\* \* \*

Pa.R.E. 804. The decision based on the sufficiency of proof of unavailability is within the trial court's discretion. *Williams v. A Treat Bottling Co.*, 380 Pa.Super. 195, 551 A.2d 297, 300 (1988).

¶ 21 In this case, the trial court found that while Appellant was outside the Commonwealth, he had procured his own absence. The trial court held:

... there was no appropriate excuse under the rule. The [Defendant] was well aware that trial was scheduled to begin on November 8, 1999, but he made the decision to go on his vacation rather than attend his trial.

Trial Court Opinion, 5/30/00, at 16. The trial court further noted:

... that the deposition was that of a party the defendant. "In cases where the deposition sought to be introduced is of a party, the trial court is given wide discretion in excluding the deposition. This is due to the deprivation of cross-examination, and the abridgment of the right to confrontation, that occurs under such circumstances." *Moore v. Children's Hospital of Philadelphia*, 16 Phila. 544 (1987)(stating that the Court will carefully examine any situation where the party voluntarily absents himself). Confrontation is essential to the elicitation of reliable testimony."... The factfinder here would also have been deprived of the ability to see the demeanor of Dr. Brownstein, thus it would

have been more difficult for them to judge his credibility.

Trial Court Opinion, 5/30/00, at 17.

¶ 22 After careful review, we determine that the trial court did not abuse its discretion in excluding Appellant's deposition.

¶ 23 Judgment affirmed.