J-A12037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| POH DIMINO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK DIMINO, | |
| Appellant | No. 1259 MDA 2014 |

Appeal from the Order entered June 16, 2014,
in the Court of Common Pleas of Lackawanna County,
Civil Action – Family Law at No(s): 2014-FC-40753

BEFORE:  BOWES, DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 30, 2015**

Frank Dimino ("Husband") appeals from the trial court's entry of the Protection from Abuse ("PFA") order requested by Poh Dimino ("Wife").  We affirm.

On June 2, 2014, Wife petitioned *pro se* for a PFA order.  That same day, the trial court entered a temporary PFA order and scheduled a hearing for June 16, 2014, after which the trial court entered an order on June 16, 2014 entitled "Final Protection from Abuse Order."  For reasons that are not evident from the record, the trial court amended the PFA order on July 14, 2014 to allow Husband to attend the college activities and medical appointments of the parties' children.[1]

---

[1] 42 Pa.C.S. § 5505 provides the trial court with authority to modify its order "within 30 days after its entry, notwithstanding the prior termination of any

*(Footnote Continued Next Page)*

On July 21, 2014, Husband filed a *pro se* "petition for return of weapons." On July 25, 2014, Husband filed a *pro se* appeal. On July 29, 2014, Husband filed a *pro se* "petition to vacate protection from abuse order". That same day, the trial court issued a rule to show cause upon Wife. On August 11, 2014, the trial court issued an order scheduling a hearing on Husband's petition for return of weapons and petition to vacate petition from abuse order for August 20, 2014, but the record indicates that the hearing never occurred.[2] The remaining docket entries consist of the August 19, 2014 filing of the notes of testimony from the June 16, 2014 hearing, a letter from John Dimino, Ph.D., filed September 15, 2014, a September 15, 2014 order from the trial court directing Husband to file a concise statement of matters complained of on appeal, and Husband's filing of his concise statement on September 30, 2014, contemporaneous with the entry of appearance of Husband's counsel.

Appellant presents three issues for our review:

_____
*(Footnote Continued)*

term of court, if no appeal from such order has been taken or allowed." The parties had agreed at the hearing that Husband could attend the children's activities and medical appointments (although adults, one child has diabetes and the other has a peanut allergy; one child is a music major and the parties attend the child's college concerts). N.T., 6/16/14, at 26-27; 45; 51-52.

[2] Presumably the trial court realized that it lacked jurisdiction to proceed because of Husband's appeal to this Court.

> 1.      Whether the Trial Court erred and abused its discretion in denying Husband's request for a continuance at the commencement of the June 16, 2014 hearing?
>
> 2.      Whether the Trial Court erred and abused its discretion by rendering its decision using the wrong standard of proof required by 23 Pa.C.S. § 6107?
>
> 3.      Whether the trial court erred and abused its discretion by granting Wife's request for a final protection order when the evidence failed to establish an act of abuse had occurred as is required by the Protection From Abuse Act, 23 Pa.C.S. § 6101, *et seq.*

Husband's Brief at 3-5.

Although Wife initially argues that Husband's appeal is untimely because it relates substantively to the "final" PFA order entered June 16, 2014, rather than the trial court's "amended final order" entered July 14, 2014, Wife provides no legal authority other than the general language of Pa.R.A.P. 903 and Pa.R.A.P. 341(b), which mandate that appeals be taken from final orders. Wife's Brief at 4. Although we understand Wife's logic, we are not persuaded that Husband is precluded from appealing the merits of the June 16, 2014 order given the trial court's amended order entered July 14, 2014. Accordingly, we address the merits of Husband's issues.

The trial court summarized the evidence presented at the PFA hearing as follows:

> Prior to the commencement of the June 16, 2014 hearing, [Husband's] attorney requested a continuance noting ". . . it's not an issue of preparation . . . it's more of an issue of having him think about his options and discuss it with family members." We denied the request.

- 3 -

At the hearing, [Wife] testified that she and [Husband] were married since 1990. During the course of the relationship, they had two (2) children, Tony and Destiny, both adults. [Wife] testified that [Husband] wanted to engage in sexual relations daily and when she would refuse he would get angry, punch the wall, push her, try to open her legs, and push her head to try to get her to engage in oral sex. She also testified that she suffers from polio, has a fractured hip, pelvis, and spine, and has a herniated disc in her neck. She also testified that [Husband] threatens her, gets upset quickly, and is controlling; therefore she is afraid of him.

[Wife] left the family home on June 1, 2014 because she knew [Husband] would be gone for a long period of time. [Husband] continued to contact her after she left.

Additionally, [Wife] testified regarding her financial situation, stating that she needs assistance with her bills. [Husband] testified that he does receive a pension, a compensation, and Social Security benefits.

[Wife] is a patient of Dr. Griver, who is employed at Comprehensive Pain Management Specialists. Dr. Griver testified that [Wife] "has chronic pain primarily related to her post polio syndrome" and is currently taking pain medications, specifically [a] Fentanyl patch and Naproxen. Dr. Griver has no concerns about misuse of medications or side effects of the medications, but [Wife] has not been drug screened in the past six (6) months. Dr. Griver testified that [Wife] is also on Synthroid and Bonvia, but neither have any side effects.

Trial Court Opinion, 10/30/14, at 1-2 (citations to notes of testimony omitted).

In his first issue, Husband contends that the trial court erred in failing to grant his request to continue the June 16, 2014 PFA hearing.

This Court reviews a trial court's decision to grant or deny a continuance for an abuse of discretion. *Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa. Super. 2001). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was

- 4 -

manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will." ***Id***.

***Ferko-Fox v. Fox***, 68 A.3d 917, 925 (Pa. Super. 2013).

Husband asserts that the trial court's denial of his continuance request was "manifestly unreasonable." Husband's Brief at 10-11. The record does not support this claim.

Husband requested a continuance at the outset of the PFA hearing. Wife's counsel objected, stating:

> We're obviously here. We're ready to go. [Husband] has counsel, he has had opportunity to meet with his counsel all morning, there's no reason. We either have an agreement or we go to a hearing.

N.T., 6/16/14, at 3.

The trial court then asked Husband's counsel, "Why do you want the continuance?" ***id***. at 6, to which Counsel replied:

> Just so my client can have some more time about thinking about his options, whether or not he's willing to agree to the entry of the PFA. I mean, this is – you know, granted we – I didn't –
>
> ***
>
> I mean, and it's not an issue of preparation, Your Honor, it's more of an issue of having him think about his options and discuss it with family members and so forth. Preparation is not really an issue.

***Id***.

The trial court responded:

> Yeah. He could be thinking all year. You know, six months or three – six months might not even do it, but I think I'll deny the request for a continuance and just move on.

*Id*. at 6-7.

The trial court explained:

> [Husband's] attorney requested a continuance in order for [Husband] to think about his options. The attorney admitted that this was "not an issue of preparation … more an issue of having him think about his options and discuss it with family members." We gave [Husband] and his attorney time to confer and decide how they wished to proceed. The parties did not agree to a continuance. There was no evidence provided of illness or inability to subpoena. Counsel was present for both parties. Therefore, we did not abuse our discretion when we denied [Husband's] request for a continuance.

Trial Court Opinion, 10/30/14, at 3 (citation to notes of testimony omitted).

Based on the foregoing, we cannot conclude that the trial court's denial of Husband's request for a continuance was manifestly unreasonable, nor an abuse of discretion.

Husband's second and third issues are related. Husband asserts that the trial court applied the wrong standard of proof in granting the PFA order, and that the evidence failed to establish that an act of abuse had occurred as prescribed by the PFA statute.

Citing 23 Pa.C.S.A. § 6107(a), Husband correctly avers that the trial court was required to find that Wife proved her allegation of abuse by a preponderance of the evidence. Husband's Brief at 15. However, Husband contends that the trial court was "just plain wrong" in its "use of the clear and convincing standard." *Id*. In support of this contention, Husband quotes the trial court stating that it believed Wife's "testimony was clear and convincing." *Id.*, citing N.T., 6/16/14, at 51.

Husband references the trial court's statement out of context. The trial court was addressing Husband's assertion that Wife's testimony was impacted by medication she was taking. Husband testified, "I believe that the medication has a lot to do with her attitude." N.T., 6/16/14, at 43. He elaborated:

> I think it's the drug's fault. I think the drugs that [Wife is] taking, the medications are affecting her mental capacity and she's saying I'm doing these things that I never I did. And I believe if she changes those drugs that – or comes off them and we go to counseling, everything will be fine.

*Id.* at 47-48.

> In response to Husband's assertion, the trial court stated:

> Okay. All right. I believe [Wife's] testimony was clear and convincing and without any undue influence as far as the barbiturates or drugs or mind-altering medications, and I'll grant a three-year PFA.

*Id*. at 51.

The trial court's comments regarding "clear and convincing" were directed to the credibility of Wife' testimony, not Wife's burden of proving abuse. The trial court clarified:

> The standard of proof required for a Protection from Abuse case is a preponderance of the evidence. *Miller on Behalf of Walker v. Walker*, 665 A.2d 1252 (1995). *See* 23 Pa.C.S.A. § 6107(a). "A preponderance of the evidence is defined as 'the greater weight of the evidence, i.e., to tip a scale slightly is the criteria or requirement for preponderance of the evidence.'" *Raker v. Raker*, 847 A.2d 720,724 (Pa. Super. 2004).

> [Wife's] testimony was clear and convincing and without any undue influence as far as mind-altering medications. We

had no doubt that the evidence tipped in favor of [Wife] and thereby we granted the PFA Order.

Trial Court Opinion, 10/30/14, at 3-4. Accordingly, Husband's issue regarding the trial court's standard of proof is without merit.

Husband further and finally maintains that the evidence failed to support a finding that abuse occurred. Husband contends that "a careful and meticulous review of the record reveals an act of abuse simply did not occur as is contemplated by either subsection cited by the trial court."[3] Husband's Brief at 12. Husband also asserts that "the trial court misstates the facts." *Id*. We disagree.

In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. *Ferri v. Ferri*, 854 A.2d 600, 602 (Pa. Super. 2004) (citation omitted). When a claim is presented on appeal that the evidence was not sufficient to support a PFA order, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. *Id.*

The Protection from Abuse Act provides the following definition:

**"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

---

[3] It is unclear from Husband's brief and the trial court opinion which "subsections" Husband is referencing.

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a).

Here, the trial court reasoned:

> The credibility of the evidence is sufficient to support the finding that [Husband] engaged in a course of conduct that placed the victim in reasonable fear of bodily injury, as required to satisfy the statutory definition of abuse. A victim need not suffer physical injury, but be in reasonable fear. ***Burke ex rel. Burke v. Bauman***, 814 A.2d 206, 208 (Pa. Super. 2002).

> As previously discussed, abuse includes "Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon." 23 Pa.C.S.A. § 6102 (West). Notwithstanding [Wife's] testimony that [Husband] threatened to kill her, she also testified that he forced her to have sex with him and held her head down and tried to open her legs. In addition, she said

he became angry easily and would punch the wall; she was worried he would do something to her. We found [Wife's] testimony credible.

Trial Court Opinion, 10/30/14, at 4.

We have reviewed the notes of testimony, which comport with the trial court's recitation of Wife's testimony. Wife testified that Husband forced her to have sex. N.T., 6/16/14, at 10-11. When asked why she was requesting a PFA order, Wife explained:

> Yeah. I file[d] it because I get abused because he want sex on a daily basis, and I told him no. And he get very angry and punching the wall and screaming. And if I continue saying something, he say, I'm gonna kill you. …
>
> [I]f I say no [to having sex], he try to pushing me. He use his leg to try to open my leg, even though I use my leg to cross very tight. And sometimes he use a hand. … He use a hand to try to open my leg, and I have very pain because I have polio, I had fractured my hip and pelvis and spine. …
>
> In oral, because I cannot do any, I have a herniated disc on my neck, and then he want me to do it and then pushing my head faster and faster and want me to do it more and more. And then after that I need to go to therapy.

N.T., 6/16/14, at 9-11.

> Wife continued:
>
> I don't know what he going to do because he being – all this time his anger is very bad. He punching the wall, screaming a little bit thing, he yelling, then sometime if you continue talking, he would be say, I'm gonna killing, because you talking.

*Id*. at 13.

Wife testified that she was afraid of Husband. *Id*. at 19. She said: "I worry. I don't know what he going to do because now when he get upset

- 10 -

sometime, it scary." ***Id***. She testified that she "did talk to a Woman Resource Center" about Husband's abuse; she never called the police because she was scared. ***Id***. at 23, 28. Given the forgoing, we discern no error of law or abuse of discretion by the trial court in granted Wife's request for a PFA order, and thus affirm the PFA order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2015