J-S61031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HARRY HAMILTON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SHERRILYN D. WASHINGTON, | : | |
| | : | |
| Appellee | : | No.  252 MDA 2015 |

Appeal from the Order Entered January 7, 2015,
in the Court of Common Pleas of Centre County,
Civil Division, at No(s): 2014-4714

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 20, 2015**

Harry Hamilton (Hamilton) appeals from the order denying his request for entry of a final protection from abuse (PFA) order against Sherrilyn D. Washington (Washington).  We affirm.

The complicated procedural history of the parties' ongoing custody dispute is well-known to those involved and will not be restated here. Relevant to this appeal, the record indicates that, on December 15, 2014, Hamilton filed a petition for a temporary PFA order against Washington on behalf of the parties' minor son. Hamilton's petition for a temporary order was denied that day; however, the trial court scheduled a final PFA hearing for December 23, 2014.  Due to Washington's unavailability, the PFA hearing was rescheduled for January 5, 2015.  On January 7, 2015, following a

_____

*Retired Senior Judge assigned to the Superior Court.

hearing,[1] Hamilton's request for a final PFA order was denied. Additionally, the trial court imposed sanctions against Hamilton in the amount of $150, payable to Centre County Children and Youth Services, for bringing "a frivolous matter" before the court. Order, 1/7/2015.

Hamilton timely filed his notice of appeal and statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court then filed a Pa.R.A.P. 1925(a) opinion.

In his brief to this Court, Hamilton raises one issue: "[d]oes a court lose jurisdiction when setting the matter outside the mandatory 10-day period with no evidence in the record for the basis of the setting of the hearing, thus rendering the denial and order for sanctions a nullity?" Hamilton's Brief at 4.[2]

"Our standard of review for PFA orders is well settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Stamus v. Dutcavich*, 938 A.2d 1098, 1100 (Pa. Super. 2007) (citation omitted). Similarly, this Court reviews a trial court's decision to grant or deny a continuance for an abuse of discretion. *Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa. Super. 2001). "An abuse

---

[1] A copy of this transcript is not included in the certified record.

[2] In his statement of issues, Hamilton raises only the issue set forth above; however, he directs this Court to consider those issues raised in his notice of appeal. As Hamilton has not presented his other issues to this Court in a manner consistent with Rule of Appellate Procedure 2116(a), we find them waived.

of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the [result] of partiality, prejudice, bias or ill-will." *Id.*

Hamilton argues that the trial court's grant of a continuance in this matter violated 23 Pa.C.S. § 6107(a), which provides, in relevant part, that "within ten business days of the filing of a [PFA petition], a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence."

As this Court observed in *Ferko-Fox v. Fox*, 68 A.3d 917, 926 (Pa. Super. 2013), "pursuant to [23 Pa.C.S.] § 6107(c), trial courts have discretion to continue evidentiary hearings regarding final PFA orders[.]" As the trial court herein explained, Washington contacted chambers by telephone requesting a continuance as she was unavailable for the original hearing date. Trial Court Opinion, 4/30/2015, at 1. This request was granted, and the matter was continued until January 5, 2015. *Id*.

We discern no abuse of discretion in the trial court's grant of a short continuance in the instant case. Moreover, Hamilton has failed to prove that he was in any way prejudiced by the continuance, as the record reflects that he was informed of the new hearing date and appeared before the court on January 5, 2015 prepared to litigate the matter. As we have determined

that Hamilton's issue does not merit him relief, we affirm the trial court's

January 7, 2015 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015