J. S22031/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JONA E. MAIOLO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH R. MAIOLO, | : | |
| | : | |
| Appellant | : | No. 1190 MDA 2015 |

Appeal from the Order Entered June 16, 2015
In the Court of Common Pleas of Lycoming County
Civil Division No(s): 14-20,738

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                     **FILED APRIL 05, 2016**

Appellant, Joseph R. Maiolo ("Husband"), appeals from the order of the trial court granting the Motion for Sanctions that Appellee, Jona E. Maiolo ("Wife"), filed and holding Husband in contempt of court. We affirm in part and quash the appeal in part.

## **Factual and Procedural History**

Wife filed a Complaint in Divorce against Husband on June 3, 2014, after four years of marriage. **See** Complaint, 6/3/14, at 1. On September 26, 2014,[1] the trial court ordered Wife to continue to maintain health insurance benefits for Husband and ordered Husband to reimburse Wife 50% of the policy premiums ("September 26, 2014 Order").

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This order was entered on the docket on October 7, 2014.

On October 1, 2014, Wife served multiple requests for documents and interrogatories on Husband. Trial Ct. Op., 8/31/15, at 5. Husband did not provide a response to the requests or file any objections to the requests. On November 26, 2014, Wife's counsel filed a Motion to Compel. *Id.*

On December 4, 2014, the trial court held a hearing on the Motion to Compel. At the hearing, Husband did not raise any objections to the requests and the trial court granted Wife's Motion to Compel and directed Husband to provide full and complete responses to Wife's discovery requests within 30 days ("December 4, 2014 Order"). *Id.* Once again, Husband failed not only to object to the requests, but also to provide the full and complete responses to the request. *Id.*

As a result of Husband's failure to respond in any meaningful way to the December 4, 2014 Order, Wife filed a Motion to Compel/Motion for Sanctions ("Motion for Sanctions") on May 1, 2015.

In Count I of the Motion for Sanctions, Wife claimed that Husband failed to provide her with any additional documents and consequently, was in contempt of the December 4, 2014 Order. She averred that although her counsel received partial answers to the discovery, most answers were "to be provided" and Husband had not provided any meaningful information in response to the December 4, 2014 Order. Mot. to Compel, 5/1/15, at 1 (unpaginated).

In Count II of the Motion for Sanctions, Wife averred that Husband violated the September 26, 2014 Order by failing to pay Wife 50% of the health insurance premiums for the policies that Wife maintains for the parties. *Id.* at 2 (unpaginated). Wife asserted that Husband pays her less than 50% of the premiums because he arbitrarily deducts an amount that he believes would be Wife's tax benefit from the amount he owes her. *Id.*

Wife also claimed that Husband sends her the reimbursement check on the last day of the month, and not on the 15th day of the month, resulting in delayed payment, and, once, insufficient funds. *Id.*

Wife, therefore, asked the trial court to find Husband in contempt, enforce its order that Husband reimburse her the full 50% of the premium on or before the 15th of each month, and award her reasonable attorney's fees. *Id.* at 3 (unpaginated).

On May 8, 2015, the court gave the Husband thirty days' notice that the court would hear the Wife's Motion for Sanctions on June 11, 2015. Trial Ct. Op., 8/31/15, at 2. On June 10, 2015 at 4:14 PM, late in the afternoon on the day before the hearing, Husband's counsel sent a fax to the trial court claiming that Husband would be "out of town" on the next day and requesting that the court continue the hearing. *Id.* The trial court denied

Husband's request, and held the hearing as scheduled in Husband's absence.[2]

Following the hearing, the trial court entered an order on June 16, 2015, granting Wife's Motion for Sanctions as to Count I and finding Husband in contempt of the December 4, 2014 Order requiring him to provide full and complete answers to Wife's discovery requests ("June 16, 2015 Order"). The court also ordered Husband to pay counsel fees to Wife's counsel in the amount of $500, unless Husband produced to Wife a series of enumerated documents.[3] Trial Ct. Order, 6/16/15, at 1-2 (unpaginated).

The court also granted Wife's Motion for Sanctions as to Count II, finding Husband in contempt of the October 26, 2014 Order, which required him to reimburse Wife 50% of the parties' health insurance premiums. The court found that husband owed Wife $226.45 and ordered Husband to remit to Wife this amount within 30 days. The court did not sanction Husband for this contempt.

On July 10, 2015, Husband filed a Notice of Appeal of the June 16, 2015 Order. Husband and the trial court complied with Pa.R.A.P. 1925.

---

[2] Husband's counsel appeared at the hearing on Husband's behalf.

[3] The court ordered that this sanction would be suspended if Husband provided full and complete discovery responses on or before July 17, 2015. The record does not reflect, and Husband does not claim, that he provided the discovery responses on or before that date.

## Issues on Appeal

Husband raises the following issues on appeal:

1. Whether the trial court erred by denying [Husband's] motion for continuance which prevented him from attending the hearing to present testimony and evidence to the court relevant to [Wife's] petition for contempt.

2. Whether the trial court erred by finding [Husband] in contempt for failing to provide documentation pursuant to a discovery request by [Wife] when [Wife] was in possession of the information [Husband] needed to properly respond to the discovery request.

3. Whether the trial court erred in making the determination of contempt when [Husband] had already filed a request for a new determination of his share of the health insurance premium at the same time he filed a petition for spousal support.

4. Whether the trial court erred in failing to properly calculate the tax benefit to [Wife] when determining the amount to be paid by [Husband] for his share of the contribution to health insurance provided by [Wife's] employer.

Appellant's Brief at 5.

## Legal Analysis

Before addressing the merits of Husband's issues, we must first consider whether this Court has jurisdiction over this appeal. It is well-settled that an order declaring a party in contempt and imposing sanctions is immediately appealable. *Takosky v. Henning*, 906 A.2d 1255, 1258 (Pa. Super. 2006). However, if the trial court does not impose sanctions or

imprisonment, an order declaring a party in contempt is interlocutory and not appealable. *Id.*

The trial court's June 16, 2015 Order found Husband in contempt of its December 4, 2014 Order requiring Husband to provide full and complete answers to Wife's discovery requests and imposed a monetary sanction on Husband for his failure to comply. Husband's appeal from this portion of the June 16, 2015 Order is, therefore, proper. *Id.*

In contrast, the portion of the June 16, 2015 Order that found Husband in contempt of the September 24, 2014 Order requiring Husband to reimburse Wife for health insurance premiums she paid on Husband's behalf does not impose a sanction against Husband. Accordingly, the appeal of this portion of the June 16, 2015 Order is interlocutory and we quash Husband's appeal as to these issues. *Id.*

Now we turn to the substance of the portion of June 16, 2015 Order that imposed sanctions on Husband for failing to respond to discovery requests. Husband first argues that the trial court erred in not granting his counsel's request for a continuance of the hearing on the Motion for Sanctions that his counsel made at 4:14 PM on the day before the hearing. Appellant's Brief at 10. Husband acknowledges that his counsel made the request with short notice, but argues that he made the request as soon as Husband became aware of his scheduling conflict. *Id.* Husband further

argues that Wife would not have been prejudiced by a continuance. *Id.* at 10-11.

In particular, Husband disputes the trial court's characterization in its Pa.R.A.P 1925(a) Opinion that Wife would have been prejudiced if the hearing were delayed, claiming: (1) that the documents requested by Wife were already mostly in her possession; and (2) a hearing on the proper amount of Husband's health insurance contribution was scheduled for June 29, 2015, and could have been resolved at that time. *Id.* at 10-11. We disagree.

We review a trial court's decision to deny a continuance for an abuse of discretion. *In re: J.K.*, 825 A.2d 1277, 1280 (Pa. Super. 2003). "An abuse of discretion is more than just an error in judgment, and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will." *Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa. Super. 2001).

Here, Husband had more than 30 days' notice of the hearing on Wife's Motion for Sanctions. Husband faxed his request for a continuance late in the afternoon prior to the hearing and without explanation for his being "out of town."

We note that Husband's general statement of being "out of town" faxed to the trial court late in the afternoon on the day before the hearing,

without more, is in and of itself a proper reason to deny the request for continuance. This late request inconveniences not only the other parties and witnesses, but also the court's schedule.

A late request for a continuance deprives the trial court of the opportunity to use its time in court effectively and efficiently. The trial court intentionally notifies parties of a hearing thirty days before the hearing to give the parties enough time to coordinate their schedules and to permit the trial court to schedule another matter if the parties are unavailable.

In this case, the trial court properly focused on the fact that delaying the hearing would prejudice Wife's interests in that the harm alleged by Wife in her Motion "would have continued to affect Wife during the course of any rescheduling." Trial Ct. Op. at 3. We conclude that the trial court did not abuse its discretion when it determined "[t]he late nature of Husband's request without cause was manifestly unreasonable[,]" and denied Husband's request. *Id.*

In his second issue, Husband argues that the trial court erred in finding him in contempt for failing to produce documents pursuant to Wife's discovery requests and the December 4, 2014 Order. Husband maintains that the trial court abused its discretion in finding him in contempt because he did not willfully and intentionally disobey the trial court's order. Appellant's Brief at 12. Husband did not challenge the trial court's imposition of sanctions against him.

We review the trial court's finding of contempt, and sanctions it imposes, for a misapplication of the law or clear abuse of discretion. ***MacDougall v. MacDougall***, 49 A.3d 890, 892 (Pa. Super. 2012). The burden of proof rests with the complaining party to demonstrate that a party is in contempt of a court order. ***Id.*** To prevail on a contempt claim, the complaining party must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the order that has allegedly been violated; (2) that the contempt was volitional; and (3) that the contemnor acted with wrongful intent. ***Id.***

Here, the trial court noted in its Rule 1925(a) Opinion that it entered the December 4, 2014 Order, granting Wife's Motion to Compel and directing Husband to provide full and complete responses to Wife's discovery requests. Trial Ct. Op. at 5. Husband's counsel received a copy of the order. ***Id.*** Husband did not object to the requests, but simply failed to produce the requested documents. ***Id.*** Husband has not argued that he provided the documents. ***Id.*** The trial court concluded that Husband acted willfully and with wrongful intent and was, therefore, in contempt of the December 4, 2014 Order. ***Id.*** We agree.

Our review of the record confirms the trial court's finding that Husband's failure to comply with the December 4, 2014 Order was willful and intentional.

Husband has argued on appeal that he cannot provide the information the Wife requested because the information is either in Wife's possession or is protected by Internal Revenue Service ("IRS") regulations.

The court finds these explanations disingenuous. If Husband, in fact, believed that Wife had the information or IRS regulations protect the information, Husband had every opportunity to file the appropriate motion with the court. In fact, at the hearing on the discovery requests on December 4, 2014, Husband did not mention either of these arguments.

Moreover, Husband gave a contrary answer in his responses that the information was "to be provided." Record at 21-23. Husband was aware of the December 4, 2014 Order and failed to respond to it in a meaningful way even after having opportunities to object or respond. Therefore, the trial court properly concluded that Husband willfully and intentionally disregarded the Order of December 4, 2014 and that Husband's dilatory behavior will not be tolerated.

Based on the evidence of record, we conclude that the trial court acted within its discretion in finding Husband in contempt and assessing sanctions against Husband.

Order affirmed in part, appeal quashed in part. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2016