J-S53002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWARD NELLING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| SHARON NELLING | : | |
| | : | |
| Appellant | : | |
| | : | No. 4028 EDA 2017 |

Appeal from the Decree November 24, 2017
in the Court of Common Pleas of Montgomery County
Civil Division at No.:  No. 2015-24890

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 20, 2018**

Appellant, Sharon Nelling, (Wife), appeals from the divorce decree entered on November 24, 2017.  Specifically, she claims that the trial court abused its discretion when it denied her motion for a continuance of a hearing. She also argues that the court erred when it determined that the marriage between Appellant and Appellee, Edward Nelling, (Husband), is irretrievably broken and entered the divorce decree.  We affirm

We take the factual and procedural history in this matter from our review of the certified record and the trial court's February 15, 2018 opinion.

> On September 11, 2015, [Husband] filed a complaint in divorce . . . .  On January 9, 2017, [Husband] filed an affidavit under section 3301(d) of the divorce code.  [Husband] stated in his § 3301(d) affidavit that [he] and [Wife] separated on November 12, 2014[,] and have continued to live separate and apart for a period of at least two (2) years.  Furthermore,

_____

* Retired Senior Judge assigned to the Superior Court.

[Husband] stated that [Husband and Wife's] marriage is "irretrievably broken."

On January 19, 2017, [Wife] filed an answer and counterclaim to [Husband's] complaint in divorce, and stated, *inter alia*, that the parties['] marriage "is not irretrievably broken[,"] as alleged by [Husband]. Additionally, on January 20, 2017, [Wife] filed a counter-affidavit under § 3301(d) of the divorce code. In her counter-affidavit, [Wife] stated that she opposed the entry of a divorce decree for the following reasons: "(i) The parties to this action have not lived separate and apart for a period of two years, (ii) The marriage is not irretrievably broken, and (iii) There are economic claims pending."

On February 17, 2017, counsel for both parties participated in a phone conference with the court pertaining to [Wife's] January 20, 2017 counter-affidavit in divorce. On February 20, 2017, counsel for both parties filed a stipulation for entry of agreed order and stated as follows:

> AND NOW, this 20th day of February, 2017, counsel for the parties herby [sic] agree that grounds for divorce are established pursuant to section 3301 of The Divorce Code for two (2) year separation, and the date of separation is November 12, 2014.

On August 9, 2017, [Wife's counsel] sent a letter to the court requesting a short hearing wherein [Wife] intended to set forth that the parties['] marriage is "not irretrievably broken but that two years have passed since the date of separation."

On August 18, 2017, [Wife] filed a petition for special relief in the nature of a declaratory judgment. In her special relief petition, [Wife] requested a hearing so that the court could determine whether the parties' marriage is irretrievably broken, and to declare whether grounds for divorce were established pursuant to the Pennsylvania Divorce Code. [Wife's] special relief petition alleged that the parties['] February 20, 2017 agreed stipulation stated only that the parties had been separated for at least two (2) years, but did not address whether or not the marriage was irretrievably broken.

On October 11, 2017, the court held a hearing regarding [Wife's] August 18, 2017 petition for special relief[.] . . .

- 2 -

(Trial Court Opinion, 2/15/18, at 1-2) (unnecessary capitalization omitted).

On October 11, 2017, at the beginning of the hearing, Wife notified the court that she "just terminated [her] lawyer" and asked the court for a continuance. (N.T. Hearing, 10/11/17, at 3). The court denied the continuance, noting that the hearing—which was conducted at Wife's request—had been scheduled in advance,[1] and Wife requested the continuance at the last minute. (**See id.** at 7-8). Thereafter, Wife proceeded with her testimony, reading a word document from her phone challenging Pennsylvania's no-fault divorce, as applied to Roman Catholic marriages, as "an unconstitutional infringement on a fundamental right to marriage and religious freedom, and unconstitutional impairment of obligations of contract." (**Id.** at 14; **see also id.** at 13-20). Wife also stated that she felt the parties' "marriage is not irretrievably broken. And . . . she ha[s] hope and [] feel[s] that it is not broken." (**Id.** at 27).

Husband also testified at the hearing. He explained that he and Wife have attended marriage counseling and marriage seminars since September 2015, and, in addition to those joint sessions, he has been in individual therapy. (**See id.** at 30-31). Although Husband explained that he "would rather not get into the details[,]" of the problems in their marriage, he testified that he had no hope of reconciliation, that the problems were chronic, and

---

[1] On August 23, 2017, the court entered an order scheduling a hearing for September 15, 2017. On August 25, 2017, the court issued another order, granting Wife's unopposed continuance request, and continuing the hearing until October 11, 2017.

that he had no intent to return to the marital relationship. (*Id.* at 32). Husband confirmed that he "believe[d] that there's an estrangement due to marital difficulties with no reasonable prospect [of] reconciliation[.]" (*Id.* at 40; *see id.* at 40-41). At the conclusion of the hearing, the court took the matter under advisement.

On October 17, 2017, the court entered an order denying Wife's petition for special relief, and decreeing that the marriage is irretrievably broken and grounds for divorce have been established under section 3301(d) of the divorce code. (*See* Order, 10/17/17). Wife, represented by counsel, filed a motion for reconsideration on November 7, 2017, which the court denied on November 14, 2017. On November 24, 2017, the court issued a decree in divorce to the parties. Wife filed a notice of appeal on December 11, 2017, purporting to appeal both from the order denying her motion for reconsideration, and from the divorce decree.[2]

Pursuant to the trial court's order, Wife filed her concise statement of matters complained of on appeal on December 29, 2017. The trial court entered its opinion on February 15, 2018. *See* Pa.R.A.P. 1925.

Wife raises three questions on appeal.

   I.    Did the [t]rial [c]ourt err and commit an abuse of discretion
         when it failed to grant a continuance to [Wife] on October

---

[2] An order denying a motion for reconsideration is not a final order, and thus is not appealable. However, because Appellant also timely appealed from the divorce decree, we will treat the appeal as taken solely from the divorce decree, which is a final order. *See* Pa.R.A.P. 341.

11, 2017, following numerous requests for such continuance by [Wife?]

II.     Did the [t]rial [c]ourt err by denying, without explanation, [Wife's] [m]otion for [r]econsideration of the denial of the [p]etition for [s]pecial [r]elief[, in which Wife] raised the issue that the [c]ourt had based its decision on whether the marriage was irretrievably broken solely upon the testimony by [Husband] at the October 11, 2017 hearing and further raised the issue of the contractual basis of the parties' marriage?

III.    Did the [t]rial [c]ourt [err] by issuing the [divorce decree], . . . since the [c]ourt knew or should have known that [Wife] objected to the entry of said [decree] on the grounds that [Wife] and [Husband] had a contract for their marriage and that [Wife] does not believe her marriage is irretrievably broken?

(Wife's Brief, at 5) (some argument omitted).

In her first issue, Wife claims that the trial court erred when it denied her request for a continuance of the October 11, 2017 hearing. (*See id.* at 13-18). We disagree.

> The trial court is vested with broad discretion in the determination of whether a request for a continuance should be granted, and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will.

*Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa. Super. 2001) (citations omitted).

In the instant case, the trial court denied Wife's request for a continuance of a hearing, after she both fired her attorney and requested the continuance on the morning of the hearing. Notably, the hearing was

scheduled at Wife's request, and Wife had nearly two months' notice prior to commencement of the hearing. Thus, we conclude that the trial court's denial of Wife's eleventh-hour continuance request—which was a result of Wife's last-minute decision to terminate her attorney—was not "manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will." *Id.* Accordingly, Wife's first issue does not merit relief.

Wife combines her second and third questions into one argument in her brief, in which she argues that the trial court erred in finding that her marriage was irretrievably broken. (*See id.* at 18-27). Wife states that she does not consent to the divorce, and she does not believe that her marriage cannot be repaired. (*See id.* at 20-22). Additionally, Appellant argues that the no-fault divorce statute, 23 Pa.C.S.A. § 3301(d), is unconstitutional and her fundamental right to marriage is infringed on because there is "no meeting of the minds[,]" as to the dissolution of the marital contract. (*Id.* at 26; *see id.* at 23-27). Wife's issue does not merit relief.

> Our standard of review in divorce actions is well settled. [I]t is the responsibility of this [C]ourt to make a *de novo* evaluation of the record of the proceedings and to decide independently of the . . . lower court whether a legal cause of action in divorce exists. However, in determining issues of credibility, the [lower court's] findings must be given the fullest consideration for it was the [lower court] who observed and heard the testimony and demeanor of various witnesses. . . .

*Frey v. Frey*, 821 A.2d 623, 627 (Pa. Super. 2003) (citations and quotation marks omitted).

Section 3301(d) of the Divorce Code, as set forth during the instant proceedings,[3] provides for a no-fault divorce if the parties have lived separate and apart for the statutory period and the marriage is irretrievably broken:

**(d) Irretrievable breakdown.—**

(1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken and the defendant either:

(i) Does not deny the allegations set forth in the affidavit.

(ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken.

23 Pa.C.S.A. § 3301(d).

Here, the parties agreed that they had been separated for at least two years and the date of separation was November 12, 2014. (**See** Stipulation, 2/20/17). The court held a hearing on October 11, 2017, where it heard testimony from Husband, who explained that despite years of therapy, the problems in the marriage were chronic, he had no intent of returning to the marital relationship, and their marriage was irretrievably broken. (**See** N.T.

---

[3] The current version of section 3301(d) employs a one-year time frame for the parties having lived separate and apart. **See** Act 2016, Oct. 4, P.L. 865, No. 102. However, because the instant action occurred before enactment of the act, we rely on the prior version of section 3301(d), and refer to the two-year time frame.

Hearing, at 32-41). Wife testified that she had hope for the marriage and did not feel that it was broken. (**See id.** at 27).

After independent review of the record, we find that the requirements for a no fault divorce under section 3301(d) have been satisfied. **See Frey**, **supra** at 627. The parties have been separated for at least two years, and, based on the testimony offered during the October 11, 2017 hearing, their marriage is irretrievably broken. **See id.**; 23 Pa.C.S.A. § 3301(d). Accordingly, we conclude that the trial court did not err in entering a divorce decree based on section 3301(d). Wife's claim does not merit relief.

Finally, we address Wife's constitutional challenges to the divorce statute.

> . . . [W]here a party purports to challenge the constitutionality of a rule or statute, Pa.R.C.P. 235 and/or Pa.R.A.P. 521 notice must be given to the Office of the Attorney General of the Commonwealth. The Attorney General is charged with defending the constitutionality of all enactments of the General Assembly. **See** 71 P.S. § 732–204(a)(3); **see also City of Phila. v. Commonwealth**, 575 Pa. 542, 838 A.2d 566, 583 (2003). There is no indication that such notice was given. . . .

**Fotopoulos v. Fotopoulos**, 185 A.3d 1047, 1055 (Pa. Super. 2018).

Upon review, the record does not reflect that Wife gave either Pa.R.C.P. 235 or Pa.R.A.P. 521 notice to the Office of the Attorney General of Pennsylvania, with respect to her constitutional challenges to the no fault divorce statute. Accordingly, Wife has waived this argument. **See id.**

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/18