**In the Matter of: J.K. and J.K., Minor Children.**

**Appeal of: J.K., Mother.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.

Filed May 29, 2003.

Robert J. Mulderig, Carlisle, for appellant.

Kathryn D. Slade, Harrisburg, Guardian Ad Litem.

Jason Kutulakis, Carlisle, for Dauphin County CYS.

BEFORE: JOHNSON, ORIE MELVIN and MONTEMURO *, JJ.

OPINION BY MONTEMURO, J.:

¶ 1 Appellant Mother, appeals the June 26, 2001, Order entered by the Dauphin County Court of Common Pleas, which terminated her parental rights as to her minor children, daughter, J.K., and son, J.K.[1] We affirm.

¶ 2 The two children in this case came under the supervision of Dauphin County Children and Youth Services ("CYS") on October 19, 1998. Before that date, however, CYS had contact with both children, when they had been placed in the sole care of their father. Father had failed to comply with drug treatment, however, and the children were placed in foster care, where they remained for two years and five

---

* Retired Justice assigned to Superior Court.

1. Father's rights were also terminated on the same day, but he has not appealed the termination of his rights as to the children.

months. While the children were out of the care of their mother, as noted by the trial court, "CYS developed a plan for reunification of Appellant with subject children. The plan required that Appellant obtain psychiatric and psychological evaluations, follow through with any recommendations, obtain and maintain stable housing, comply with the visitation schedule, cooperate with CYS by providing updates on counseling, employment and housing, refrain from illegal conduct, and resolve all issues relating thereto." (Trial Ct. Op. at 3–4).

¶3 However, during the time the children were with their father, Appellant pled guilty to several criminal offenses, including prostitution and theft by unlawful taking. Thereafter, between 1998 and 2000, Appellant's visitations with the children were suspended and the court ordered an end to Appellant's direct contact with the children until such contact was approved by a mental health professional; this certification was never provided. Also, during this period, a finding of abuse was made against Appellant for emotional abuse of the children. Further, Appellant has neither completed the recommended counseling nor maintained appropriate housing and stable employment.

¶4 Because of these deficiencies, after a September 5, 2000, review proceeding, the Hearing Master recommended that the children be placed for adoption and that CYS file a Petition for the Termination of Parental Rights. CYS complied, and a hearing was scheduled for March 20, 2001. On March 20, 2001, the court heard Appellant's appeal from the September 5, 2000, determination, but scheduled hearing dates of April 2, 2001, and April 6, 2001, on the issue of termination of parental rights. Per Appellant's requests, the April hearings were first rescheduled to May 7, 2001, and then to May 21, 2001. On May 21, 2001, Appellant did not appear, and her counsel requested another continuance, which was granted, and the hearing was rescheduled to June 26, 2001. Also, the court directed that no further continuances be granted in this matter. However, on June 26, 2001, Appellant requested another continuance, asserting that she had been diagnosed recently with diabetes, and that her counsel had not had adequate opportunity to obtain an expert opinion as to how that condition might affect her mental state. The court denied this continuance request, and Appellant, did, indeed, present two experts that testified as to her condition.[2]

¶5 At the conclusion of the June 26, 2001, hearing, Appellant's parental rights were terminated. On July 9, 2001, Appellant filed a Motion for Reconsideration, which was denied on July 20, 2001. Appellant appealed to this Court on July 23, 2001, and was directed to file a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal. However, Appellant's trial counsel had filed a Petition to Withdraw, which was granted on August 21, 2001. On September 18, 2001, new counsel entered an appearance on behalf of Appellant, and was granted an extension of time in filing the 1925(b) Statement. New counsel filed the 1925(b) Statement on October 18, 2001, and Appellant's appeal is now properly before us.[3]

¶6 Appellant alleges that the trial court abused its discretion by denying

---

2. We note that the trial court has provided a detailed and thorough description of all testimony at both the March 20, 2001, and June 26, 2001, hearings, and we need not repeat it at length here. See Trial Ct. Op. at 4–10.

3. The children's Guardian ad Litem has adopted the position of CYS by way of letter to this Court, dated November 13, 2002.

her Motion for Continuance, by failing to correct this error by denying her Motion for Reconsideration, and by failing to appoint legal counsel to represent her on appeal. Appellant also alleges that CYS failed "to follow the law in an attempt to reunify this family" by not providing her with a reunification plan.[4] (Appellant's Brief at 6).

¶ 7 Appellant first argues that the trial court abused its discretion when it denied her request for continuance on June 26, 2001. Because a trial court has broad discretion regarding whether a request for continuance should be granted, we will not disturb its decision absent an apparent abuse of that discretion. *Corrado v. Thomas Jefferson Univ. Hosp.*, 790 A.2d 1022, 1035 (Pa.Super.2001) (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias, or ill-will." *Id.*

¶ 8 Appellant had been granted several continuances in this matter, which resulted in a May 21, 2001, Order by the trial court directing that no further continuances be granted. (Trial Ct. Op. at 13). On June 26, 2001, Appellant requested a continuance based on a claim that she had recently been diagnosed with diabetes, cyclothymia, and bipolar disorder, and needed more time to "further develop this new-

ly discovered evidence." (Appellant's Brief at 11). However, as noted by the trial court, despite the denial of a continuance, Appellant presented testimony from her doctors at the hearing. (Trial Ct. Op. at 14). We find no abuse of discretion by the trial court under these circumstances.

¶ 9 Appellant next contends that the trial court abused its discretion when it denied her Motion for Reconsideration, because it failed to correct the denial of her Motion for Continuance, as discussed above. As we find no merit to Appellant's original argument regarding the continuance, we find no error by the trial court when it refused to reconsider this ruling.

¶ 10 Appellant also argues that the trial court abused its discretion by failing to appoint counsel to represent her on appeal. The trial court has adequately addressed and disposed of this issue in its Opinion, and we rest on its well-reasoned basis. (*Id.* at 15–16).

¶ 11 Finally, Appellant argues that CYS failed to follow the law by not giving her a reunification plan. Although offered little guidance from Appellant's brief, we interpret this argument as challenging the propriety of the trial court's decision in light of this allegation. Regarding this claim, the trial court stated:

The record is replete with evidence that a reunification plan existed which required that [Appellant] receive psychiatric and psychological counseling, maintain stable housing, stable employment

4. We note that Appellant has not specifically challenged the trial court's finding regarding the grounds for termination of her parental rights; this issue is neither argued in her brief nor preserved through inclusion in her 1925(b) Statement. Accordingly, this argument is waived. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). In any event, had Appellant properly preserved, presented, and argued this point, we would note that "[t]he standard of review in cases involving

the termination of parental rights is limited to the determination of whether the orphans' court's decree is supported by competent evidence." *In re Adoption of J.D.S.*, 763 A.2d 867, 870 (Pa.Super.2000) (quoting *In re Julissa O.*, 746 A.2d 1137, 1139 (Pa.Super.2000)). Under this standard, we would find that the underlying decree is well supported by competent evidence, and would rest on that portion of the trial court's Opinion discussing this issue. (Trial Ct. Op. at 10–12).

and undergo supervised visits through CYS. The record reflects that Judge Clark [the judge sitting in that proceeding] suspended visitation as provided pursuant to a reunification plan [on] July 27, 1998. Additionally, [on] April 13, 2000, Judge Lewis, sitting in Juvenile Court, directed that there be no contact between [A]ppellant until such time as the appropriate mental health professionals certifies contact as permissible. The credible evidence before [the] court demonstrates the existence of a plan of reunification.

(*Id.* at 15). Upon review of the certified record in this case, we agree with the trial court's assessment, and, accordingly, find no merit in this claim.

¶ 12 Order affirmed.