J-S47001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: T.S.A., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| . | |
| APPEAL OF: J.A., FATHER | |
| | No. 655 EDA 2017 |

Appeal from the Order Entered January 26, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000664-2016
CP-51-DP-0000879-2015

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:             **FILED AUGUST 02, 2017**

J.A., the father of T.S.A. (DOB: September 2010), appeals from the order, entered in the Philadelphia County Court of Common Pleas, involuntarily terminating his parental rights to T.S.A.  After careful review, we affirm.

On March 13, 2015, the Department of Human Services (DHS) learned that while in the care of their mother, T.S.A. and her sibling were left at the home of a friend where they were sexually assaulted.  DHS obtained an Order of Protective Custody (OPC) for T.S.A. on April 6, 2015, and placed her in the custody of her maternal great-aunt.  On April 8, 2015, a shelter care hearing for T.S.A. was held before the Honorable Vincent L. Johnson. Judge Johnson lifted the OPC, upheld T.S.A.'s temporary commitment to DHS, and awarded physical custody of T.S.A. to the maternal great-aunt.

On April 13, 2015, J.A. pled guilty to two counts of first-degree murder,[1] and he was sentenced to two terms of life imprisonment without the possibility of parole. After an adjudicatory hearing on June 2, 2015, Judge Johnson adjudicated T.S.A. dependent, committed her to DHS, and granted physical custody of T.S.A. to her paternal grandmother. On June 25, 2015, T.S.A. was placed with her paternal grandmother, who is an adoptive resource, and she currently remains in her care.

The matter was listed on the Philadelphia County Court of Common Pleas, Family Court Division, Juvenile Branch docket to review the permanency plan for T.S.A. A goal change and termination of parental rights hearing was held on January 26, 2017, before the Honorable Lyris Younge. It was arranged for J.A. to participate in the hearing by telephone from State Correctional Institution—Albion (SCI Albion), however, on the day of the hearing J.A. was involved in an altercation, which placed him in a restricted area and made him unavailable by telephone. J.A.'s counsel requested a continuance due to J.A.'s unavailability, which the court denied.

At the hearing, the evidence showed J.A. occasionally spoke with T.S.A. on the phone, but there was no evidence that demonstrated "any other actions he's taken to serve as a parent or a resource for [T.S.A.]" N.T. Goal Change Hearing, 01/26/17, at 23-24. Judge Younge evaluated the

_____

[1] 18 Pa.C.S.A. § 2502(a).

- 2 -

evidence, and held it was in T.S.A.'s best interest to change the goal to adoption. Additionally, pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), (8),[2] and (b), Judge Younge involuntarily terminated J.A.'s parental rights to T.S.A.[3]

_____

[2] **(a) General rule***.* – The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

> **(1)** The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.
>
> **(2)** The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.
>
> . . .
>
> **(5)** The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child and has failed during the same four-month period to provide substantial financial support for the child.
>
> . . .
>
> **(8)** The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or

*(Footnote Continued Next Page)*

J.A. raises the following issue for our review:

Whether the trial court erred in refusing [F]ather to participate in the hearing and testify and provide evidence on his own behalf by refusing to grant a continuance because [F]ather was unable to participate by telephone conference call at SCI Albion because of an incident at SCI Albion involving father.

Statement of Matters Complained of on Appeal, 02/14/17, at 1.

In reviewing a trial court's order terminating parental rights, we accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012). If the record supports the factual findings, appellate courts evaluate whether the trial court made an error of law or abused its discretion. *Id*. Our standard of review for a trial court's denial of a continuance request is also an abuse of discretion standard. *In re K.J.*, 825 A.2d 1277, 1280 (Pa. Super. 2003). "[A] decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." *S.P., supra*.

Involuntary "[t]ermination of parental rights is controlled by statute and requires a two-step analysis." *In re I.G.*, 939 A.2d 950, 952 (Pa.

*(Footnote Continued)* ───────────

placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child. 23 Pa.C.S.A. § 2511.

[3] The court also involuntarily terminated the mother's parental rights to T.S.A., but she is not a party to this appeal.

- 4 -

Super. 2007).  First, the party seeking termination must prove one of the statutory requirements enumerated in section 2511(a) by clear and convincing evidence.  *Id*.  Second, the court will employ an additional analysis under section 2511(b)[4] if the court finds the parent's conduct warrants termination of his or her parental rights under section 2511(a).  *Id*.

Here, Judge Younge found DHS proved by clear and convincing evidence that J.A.'s parental rights should be terminated under sections 2511(a)(1), (2), (5), and (8).  Judge Younge further concluded that terminating J.A.'s parental rights was in the best interest of T.S.A. pursuant to section 2511(b).  *See In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007).

J.A. alleges that the trial court's failure to grant his continuance request, due to his unavailability to participate in the termination proceeding, violated his right to due process.  We disagree.

"Due process requires nothing more than adequate notice, an opportunity to be heard, and the chance to defend oneself in an impartial tribunal having jurisdiction over the matter."  *In re J.N.F.*, 887 A.2d 775,

_____

[4] **(b) Other considerations.** –The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.  The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.  23 Pa.C.S.A. § 2511(b).

781 (Pa. Super. 2005). "Due process is flexible and calls for such procedural protections as the situation demands." ***In re Adoption of Dale A., II***, 683 A.2d 297, 300 (Pa. Super. 1996).

The court must "look at all the circumstances, effectuating the purposes of the Juvenile Act, 42 Pa.C.S. § 6301, in determining whether a continuance is appropriate." Pa.R.J.C.P. 1122 cmt. The Juvenile Act,[5] which was amended in 1998 to conform to the federal Adoption and Safe Families Act (ASFA),[6] controls placement and custody issues concerning dependent children. ***In re N.C.***, 909 A.2d 818, 823 (Pa. Super. 2006). "The policy underlying these statutes is to prevent children from languishing indefinitely in foster care, with its inherent lack of permanency, normalcy, and long-term parental commitment." ***Id***. Therefore, the "[s]afety, permanency, and well-being of the child must take precedence over *all* other considerations, including the rights of the parents." ***Id***. (emphasis original). Although involuntary termination of parental rights is controlled by the Adoption Act,[7] "[t]o the extent that both acts relate to state intervention in the parent-child relationship, the Juvenile Act and the Adoption Act may be considered in *pari*

_____

[5] 42 Pa.C.S.A. §§ 6301-65.

[6] 42 U.S.C.A. § 671 *et seq*.

[7] 23 Pa.C.S.A. § 2501 *et seq*.

*materia*."[8]  ***In re William L.***, 383 A.2d 1228, 1241 n.21 (Pa. 1976) (emphasis added).

In ***J.N.F.***, ***supra***, we held that a trial court is not required to transport an incarcerated parent to a termination hearing to achieve due process. ***J.N.F.***, 887 A.2d at 781.  If, however, the incarcerated parent wants to challenge the termination of his or her parental rights, "the trial court must afford the incarcerated parent the ability to participate meaningfully in the termination hearing through alternate means."  ***Id***.  Here, the trial court made reasonable efforts to ensure J.A. had the ability to participate in the termination hearing by telephone.  J.A. was afforded proper notice of the termination hearing.  His involvement in an altercation at SCI Albion, however, prevented him from participating via telephone that day.  In choosing to deny J.A.'s continuance request, the trial court balanced the best interest of T.S.A. with J.A.'s own actions, which forfeited his personal participation in the hearing.  The trial court also "noted the court docket and referenced the several continuance[s] and the lack of permanency for

---

[8] **(a) Meaning.** – Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.

 **(b) Construction.** – Statutes in pari materia shall be construed together, if possible, as one statute."  1 Pa.C.S.A. § 1932.

T.[S.]A." Trial Court Opinion, 04/05/17, at 4. Accordingly, the trial court did not abuse its discretion in denying J.A.'s continuance request.

J.A. further maintains that the trial court erred in terminating his parental rights without allowing him "the opportunity to introduce evidence and otherwise be heard on his own behalf and to cross-examine witnesses." 42 Pa.C.S.A. § 6338. We find this claim meritless.

Pursuant to section 2513(b) of the Adoption Act, J.A. was served notice that his parental rights were to be terminated. Section 2513(b) provides such notice must state:

> You are warned that even if you fail to appear at the scheduled hearing, the hearing will go on without you and your rights to your child may be ended by the court without your being present. You have a right to be represented at the hearing by a lawyer.

42 Pa.C.S.A. § 2513(b). J.A. was represented by counsel at the termination hearing on January 26, 2017. J.A.'s counsel participated in the hearing and had the opportunity to introduce evidence and cross-examine witnesses on his behalf. *See Dale A., II*, 683 A.2d at 301 (concluding requiring incarcerated parent to pay cost of transportation to termination hearing did not violate constitutional rights, even if that prevented him from attending, when parent had court-appointed counsel who was present at hearing and had opportunity to cross-examine witnesses). Thus, the trial court afforded J.A. his right to due process.

Further, granting a continuance here would not have been in the interest of justice, or in T.S.A.'s best interests, and it would not have changed the outcome of the trial court's decision. The Pennsylvania Supreme Court has held:

> [I]ncarceration, while not a litmus test for termination, can be determinative of the question of whether a parent is incapable of providing essential parental care, control or subsistence and the length of the remaining confinement can be considered as highly relevant to whether the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent, sufficient to provide grounds for termination pursuant to 23 Pa.C.S. § 2511(a)(2).

**S.P.**, 47 A.3d at 830 (internal citations omitted). J.A. is serving two life sentences without the possibility of parole. His incapacity cannot be remedied. Accordingly, we find that the trial court did not err in denying J.A.'s motion for continuance and involuntarily terminating his parental rights to T.S.A.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2017