J-S35034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.R., FATHER | : | No. 488 EDA 2019 |

Appeal from the Decree Entered January 14, 2019
in the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000010-2018,
FID: 51-FN-002198-2015

BEFORE: OLSON, J., STABILE, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 27, 2019**

D.R. (Father) appeals from the decree entered January 14, 2019, which terminated involuntarily his parental rights to his daughter, A.M.R. (Child), born in May 2008.[1] We affirm.

A prior panel of this Court summarized the facts and procedural history of this matter as follows.

> In October 2015, [the Philadelphia Department of Human Services (DHS)] received a report alleging that Child had been the victim of sexual abuse by Mother's ex-paramour and that Mother had stopped sending Child to school for fear that Child would disclose the abuse to staff. The report was determined to be valid, and Child was removed from Mother's home. Following a shelter care hearing, DHS was granted temporary legal custody of Child. At that time, Father was not involved in the care of Child. Child was placed in foster care and DHS subsequently filed a dependency petition. Child was adjudicated dependent on October 26, 2015, with full legal custody granted to DHS. Father did not attend the dependency hearing.

---

[1] The trial court confirmed the consent of E.C. (Mother) and terminated her parental rights by decree entered April 10, 2018. Mother did not appeal.

* Retired Senior Judge assigned to the Superior Court.

The court conducted permanency review hearings between November 2015 and January 2018. Father met with Community Umbrella Agency (CUA) representatives, where permanency goals were identified for him at a single case plan (SCP) objective meeting. These goals were to cooperate with supervised visitation; attend Achieving Reunification Center (ARC) for parenting classes; and obtain appropriate housing. In early 2016, Child, who had been previously placed with paternal grandmother, was removed from the home after alleging that grandmother hit her. Child was placed in a pre-adoptive foster home, where she has resided since. As of September 2017, Father was not compliant with his SCP objectives. He visited Child only twice, in July 2017, had not attended ARC, and had not obtained appropriate housing.

On January 8, 2018, DHS filed a petition seeking to involuntarily terminate Father's parental rights and change Child's permanency goal to adoption. On April 10, 2018, the court held a hearing on the termination and goal change petitions. Child was represented by Melanie Silverstein, Esquire, as legal counsel and Kathleen Taylor, Esquire, as guardian *ad litem.* Neither Attorney Silverstein nor Attorney Taylor presented witnesses or participated in cross examination. Neither attorney made argument regarding Child's best interests or legal interests, and they joined DHS's argument. Father was represented by counsel and testified on his own behalf. Cynthia Marcano, the CUA case manager, testified for DHS, and opined that it was in Child's best interests for Father's parental rights to be terminated and her goal changed to adoption. Following the conclusion of DHS's case in chief, the court granted the petition pursuant to 23 Pa.C.S.[] § 2511(a)(1), (2), and (b), and entered a decree terminating Father's parental rights.

Father timely filed a notice of appeal and a concise statement of errors complained of on appeal from the termination docket….

*In the Interest of A.M.R.*, 201 A.3d 833 (Pa. Super. 2018) (unpublished memorandum at 1-3) (citations to the record and quotation marks omitted).

On appeal, a prior panel of this Court vacated the termination decree without prejudice pursuant to *In re Adoption of L.B.M.*, 161 A.3d 172, 183 (Pa. 2017), and its progeny, finding that Child's legal interests were not apparent from the certified record and that it was not clear whether Attorney Silverstein performed her duties as Child's legal counsel.[2] This Court directed the trial court to reappoint legal counsel in order to ascertain Child's legal interests. We further instructed as follows.

> Once counsel identifies Child's preferred outcome, counsel shall notify the trial court whether termination of Father's parental rights is consistent with Child's legal interests. If Child's preferred outcome is consistent with the result of the prior termination proceedings, the trial court shall re-enter its April 10, 2018 termination decree as to Father. If the preferred outcome is in conflict with the prior proceeding, the trial court shall conduct a new termination/goal change hearing as to Father only, to provide Child's legal counsel an opportunity to advocate on behalf of Child's legal interests.

*A.M.R.*, 201 A.3d 833 (unpublished memorandum at 6) (citation omitted).

Following remand, the trial court conducted a hearing on January 14, 2019. Father's counsel, Jay Stillman, Esquire, appeared at the hearing, but Father did not. At the beginning of the hearing, Attorney Stillman requested a continuance. N.T., 1/14/2019, at 4. Attorney Stillman explained that he spoke with Father and informed him of the hearing. *Id.* at 5. Father "was to

---

[2] The author of this memorandum dissented, arguing that there was nothing in the record suggesting that Attorney Silverstein failed to perform her duties as legal counsel.

be here," Attorney Stillman added, but was unable to attend because "he has car trouble." *Id.* The court interjected, asking Attorney Stillman to confirm that Father was aware of the court date. *Id.* at 6. Attorney Stillman answered in the affirmative and the court denied his request for a continuance.[3] *Id.*

Attorney Silverstein then discussed Child's legal interests on the record. She stated that she met with Child twice, on November 16, 2017, and January 2, 2019, and that on both occasions Child informed her that she wanted to be adopted by her current foster parents. *Id.* at 7. Child also informed her that she does not want to live with Father or have any contact with him. *Id.* Based on Attorney Silverstein's statements, the court announced that it would once again terminate Father's rights. *Id.* at 8. The court re-entered its termination decree that same day. Father timely filed a notice of appeal on February 8, 2019, along with a concise statement of errors complained of on appeal.

Father now raises the following claim for our review. "Whether the Trial Court erred in denying [Attorney Stillman's] 'Motion for Continuance;' and absent the presence of [Father], proceeding forward with the termination of [Father's] parental rights (previous Notice of Appeal, Concise Statement

---

[3] In its opinion, the trial court states that it denied Attorney Stillman's request for a continuance because Father was aware of the court date and because it had continued the matter once before on January 4, 2019. Trial Court Opinion, 3/28/2019, at 12. It is not clear from the record why the court ordered the previous continuance.

Pursuant to 1925[(b)], and Appellant's Brief, having already been submitted regarding all substantive issues)[?]"[4]  Father's Brief at 5 (italics omitted).

We apply an abuse of discretion standard of review when considering the denial of a continuance request.  ***In the Interest of D.F.***, 165 A.3d 960, 965 (Pa. Super. 2017).  "'An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias, or ill-will.'"  ***Id.*** (quoting ***In re J.K.***, 825 A.2d 1277, 1280 (Pa. Super. 2003)) (citations omitted).

In his sole issue on appeal, Father contends that the trial court erred by denying Attorney Stillman's request for a continuance because he had a due

---

[4] Father does not explain his parenthetical reference to the filing of a previous notice of appeal, concise statement, and appellate brief.  It appears that he may be attempting to incorporate the claims from his previous appeal into the current appeal.  However, Father failed to develop those claims in his current brief and failed to preserve them in his current concise statement.  This Court will not review claims that an appellant has failed to develop in the argument section of his or her brief and/or has failed to preserve in his or her concise statement.  ***See In re M.Z.T.M.W.***, 163 A.3d 462, 465-66 (Pa. Super. 2017) ("It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority….  Further, it is well-settled that issues not included in an appellant's … concise statement of errors complained of on appeal are waived.").  It is apparent that this case law refers to the brief and concise statement filed in the appeal presently before the Court.  We will not go back and review claims that an appellant raised in a previous appeal when he or she has failed to raise them in the current appeal, which stemmed from a new order and new notice of appeal.

process right to be present at the hearing and because he did not receive proper notice of the hearing pursuant to the Adoption Act.[5] Father's Brief at 8-10.

As Father observes, it is beyond cavil that a parent possesses the right to procedural due process in any proceeding to terminate his or her parental rights involuntarily. *In the Interest of A.N.P.*, 155 A.3d 55, 66 (Pa. Super. 2017). However, that right is not without limitations. "Due process requires nothing more than adequate notice, an opportunity to be heard, and the chance to defend oneself in an impartial tribunal having jurisdiction over the matter. Due process is flexible and calls for such procedural protections as the situation demands." *Id.* (citations and quotation marks omitted).

The Adoption Act instructs that a parent must receive written notice of an involuntary termination hearing ten days in advance, by either personal service, registered mail, or "by such other means as the court may require." 23 Pa.C.S. § 2513(b); *see also* Pa.O.C.R. 15.4, 15.6 (providing for notice of involuntary termination hearings "by personal service, service at his or her residence on an adult member of the household, or by registered or certified mail to his or her last known address"). While a parent must receive the opportunity to be heard and the chance to defend himself or herself at the hearing, a parent's presence is not required for the termination of parental

---

[5] 23 Pa.C.S. §§ 2101-2938.

rights. **D.F.**, 165 A.3d at 965. Thus, a parent may not prevent termination by simply failing to appear at a hearing for which he or she received notice. **Id.**

Once a trial court concludes that an absent parent has received notice of an involuntary termination hearing, our case law provides that the court must balance "the evidence submitted in support of the request against other relevant factors, such as a parent's response and participation, or lack thereof, in prior proceedings and appointments important to the welfare of the child." **Id**. We have stated that the court's analysis "necessarily will include consideration of the amount of time that will lapse before it is able to schedule another hearing, and the impact that that further delay will have on the child's security and welfare." **Id.** at 965 n.4.

After careful review of the relevant law and the record in the instant case, we discern no error of law or abuse of discretion by the trial court in its decision to deny Attorney Stillman's request for a continuance. The record reveals that Father received written notice of the original termination hearing scheduled for January 24, 2018. The record contains a rule directing that Father receive notice at least ten days in advance by both regular and certified mail, or by personal service. The court later entered an order continuing the hearing to April 10, 2018. Father appeared at the April 10, 2018 hearing and testified without raising any objection regarding notice.

The record does not reveal that Father received additional written notice of the post-remand hearing on January 14, 2018. However, it is clear that Attorney Stillman did receive notice. The trial court entered a continuance order on January 4, 2019, which indicated that Attorney Stillman was present and that all parties had been served. The record also contains a file copy of notice for the hearing, accompanied by a recipient list, which included Attorney Stillman. Attorney Stillman confirmed at the start of the hearing that Father had actual notice. He did not attempt to produce evidence in support of his request for a continuance, nor did he attempt to explain why Father was unable to arrange transportation despite his alleged car trouble. Notably, the record indicates that Father has a lengthy history of apathy toward Child and her dependency proceedings, in that he visited her only twice and sent her a single letter after she entered foster care. N.T., 4/10/2018, at 21-24, 32. In accordance with *D.F.*, the trial court was free to balance Father's bald claim of car trouble against his history of abandonment and Child's need for permanency, and to conclude that Attorney Stillman's request for a continuance was unwarranted. It is also significant that the sole purpose of the hearing was for Attorney Silverstein to inform the court of Child's legal interests, so that the court could perform the largely mechanical task of either re-entering its prior termination decree or ordering a new hearing in

accordance with our directive on remand. Thus, Father's presence or absence on January 14, 2019 was inconsequential.[6]

Based on the foregoing, we conclude that the trial court did not err or abuse its discretion by denying Attorney Stillman's request for a continuance. Therefore, we affirm the January 14, 2019 decree terminating involuntarily Father's parental rights.

Decree affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/19

---

[6] As noted *supra*, Father was present and represented by counsel at the April 8, 2018 termination hearing and testified on his own behalf.