J-S44008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY ALLEN EMERICK | : | |
| | : | |
| Appellant | : | No. 1001 MDA 2022 |

Appeal from the Order Entered June 17, 2022
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-MD-0000237-2022,
FC-2021-20900-AB

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:             **FILED: APRIL 4, 2023**

Gregory Emerick appeals from the judgment of sentence entered after Emerick was found guilty of contempt of a Protection from Abuse Order ("PFA") for a third time. We affirm.

On October 13, 2021, Trisha Batko filed a petition for PFA against Emerick and the trial court issued a temporary PFA that same day. A month later, a final PFA was entered for a term of one year. The PFA excluded Emerick from Batko's residence, a mobile home on Pinecrest Drive in the Pinecrest mobile housing development in Williamsport. Within a short time, Emerick was charged with contempt of the PFA. On December 27, 2021, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

found Emerick in contempt following an admission, and sentenced Emerick to time-served – twenty-five days' imprisonment – and other conditions.

In March 2022, Emerick was again charged with contempt of the PFA. The next month, again following an admission, the trial court sentenced Emerick to time-served – fourteen days' imprisonment – and extended the expiration date of the PFA to April 4, 2025.

On May 11, 2022, Pennsylvania State Police Trooper Nickolous Marple was dispatched to Pinecrest Drive for a report of a vehicle striking a pedestrian. Emerick was found to be operating the vehicle and was in the area of Batko's home. Relevant to the case at hand, a criminal complaint was filed charging Emerick with a violation of the PFA for being "in the area of Pinecrest Drive for no legitimate purpose" despite the PFA barring him "from having any contact with Batko …".

The PFA hearing was continued once, by agreement with the Commonwealth, due to the pending criminal charges arising from the car accident.

On June 17, 2022, prior to the PFA contempt hearing, counsel for the parties met in chambers and defense counsel requested another continuance due to the pending criminal charges. The trial court denied the request, placing its reasons on the record as follows:

> So as long as we're on the record, the record should reflect the parties, in chambers, met with the [c]ourt. [Defense counsel] asked that this matter be continued because there are criminal charges pending against her client, not this victim. And it's my

- 2 -

understanding he's charged with aggravated assault by vehicle because on this particular day while he was at the park it's alleged that he struck a person with his car. And the Commonwealth is comfortable there's not a double jeopardy issue[]. That the facts and theories of both are completely separate and that [your concern, defense counsel], is that you didn't want your client subject to cross-examination or waiving his Fifth Amendment privilege by testifying at this hearing, and that you were asking effectively that this be continued until disposition of the criminal case.

Since that's just had a preliminary hearing and it's likely to be more than a year before it goes to trial, and because the facts are separate and distinct that request for continuance was denied.

N.T., 6/17/22, at 6.

An evidentiary hearing was then held, at which the Commonwealth presented the testimony of Idona Kinney, Ronald McMahon, Sr., and Batko. Emerick offered no testimony. The trial court thoroughly and accurately summarized the testimony as follows:

[] Kinney testified that she is [Batko]'s next-door neighbor, and that she knew [Emerick] well from when he lived with [Batko] as a couple. She explained that she saw [Emerick] drive a four-door silver Chevrolet Cruz past [Batko]'s house or the street [Batko] lives on five times between 12:30 p.m. and 4:30 p.m. on May 11, 2022.

…

The Commonwealth next called Ronald McMahon, Sr., [] Kinney's boyfriend who was also present on May 11, 2022[,] in the mobile home next to [Batko's trailer]. [McMahon] testified that he observed [Emerick] in the silver vehicle at [] 4:30 p.m., and 6:30 p.m.

[Batko] was the final witness. [Batko] first testified regarding her residence and the active PFA. [Batko] explained that, at approximately 2:30 p.m. or 2:45 p.m. on May 11, 2022, she was sitting inside of her residence when she observed a person in her

- 3 -

yard. [Batko] initially assumed it was a member of the development's property management team, but the person then attempted to put a key in her front door and gain access to her residence. [Batko] explained that when this occurred she went to the front door, held the lock shut, and called 911. [Batko] did not see this person's face, but could tell it was a thin man. [Batko] testified that [Emerick] was the only person other than herself who might have a key to her residence; she explained that when [Emerick] was originally served with the PFA he returned to the residence and "grabbed certain things," and soon thereafter [Batko] noticed a house key was missing.

[Batko] explained that the police arrived and told her that there were no particular actions they could take at that point, but they promised to keep someone in the area [since she had to get her children off the bus, but otherwise] advised her to stay in the house and keep the doors locked. [Batko] testified that at approximately 4:20 p.m., there was a knock at the door, at which time her daughter looked out the window and said there was a person "crouched down by the side of the house and it looked like her dad," [Emerick]. [Batko] once again called the police, and [her] daughter explained to them what she saw.

On redirect, all three witnesses testified that they had not observed [Emerick] being social with anyone in the mobile housing development in the past and did not know any other reason he might be there, and in response to a question by the [c]ourt [Batko] stated that [Emerick] did not have any family in the development.

Trial Court Opinion, 8/24/22, at 4-5 (footnotes omitted).

After closing arguments, the trial court found Emerick in contempt of the PFA, explicitly noting that the court found the Commonwealth's witnesses credible and that it was clear Emerick had engaged in stalking behavior by slowly driving through the neighborhood over several hours that day, and it was also likely Emerick who was at Batko's trailer that day. The court then sentenced Emerick to six months' incarceration. The court further extended

the expiration date of the PFA through June 17, 2025, and expanded the zone from which Emerick is excluded to not only Batko's home, but also the entire Pinecrest mobile housing development. This timely appeal followed.[1]

On July 11, 2022, the trial court ordered Emerick to file a concise statement of errors complained of on appeal within 21 days, as prescribed by Pa.R.A.P. 1925(b)(3). Emerick did not timely comply.

On August 5, 2022, Emerick filed an application to file a concise statement *nunc pro tunc*, with a concise statement attached. On August 24, 2022, the trial court issued an opinion pursuant to 1925(a), addressing the issues from the August 5, 2022 concise statement.

Usually, the untimely filing of a court-ordered Rule 1925(b) statement would result in waiver of all issues. **See Commonwealth v. Burton**, 973 A.2d 428, 430 (Pa. Super. 2009). However, a criminal defense attorney's filing of an untimely statement is *per se* ineffectiveness, for which an appellant is entitled to prompt relief. **See id**. at 433. Where counsel filed a late concise statement, and the court addressed the merits of the appellant's claims in an opinion we need not remand. **See id**.

---

[1] Emerick filed a timely notice of appeal on July 6, 2022. Although the notice of appeal was timestamped by the clerk of courts on July 6, 2022, at the time of docketing statement review, there was no entry on the trial court docket for the notice of appeal. **See** Pa.R.Crim.P. 114(C)(1) ("Docket entries promptly shall be made"). Accordingly, this Court directed the trial court to amend the trial court docket to include an entry for the notice of appeal, and to transmit a corrected copy of the docket to this Court. The trial court transmitted a copy of the corrected trial court docket on October 25, 2022.

Here, Emerick's counsel filed a late concise statement. In the late filing, counsel conceded that the statement was late, but asked the court to accept it *nunc pro tunc*, stating she was unable to timely file the requested statement due to a COVID-19 diagnosis. Despite the untimely nature of the concise statement, the trial court chose to write an opinion. The trial court wrote an opinion only as to the issues presented in the concise statement. In his August 5th concise statement, Emerick raised the following issues:

a. [Emerick] avers that [the trial court] erred by denying his motion for continuance of the [PFA] Contempt hearing. []

b. [Emerick] submits that his Due Process rights have been violated in the fact that he was unable to present his testimony in his defense to the contempt allegations presented by the Commonwealth due to his 5th Amendment protections against self-incrimination.

c. [Emerick] avers that even though [the] Commonwealth[] argued that this Contempt hearing had a different victim, it is [Emerick's] position that the underlying set of facts and circumstances are the same as in the pending criminal matters and testifying in his defense would expose him to self-incrimination in his pending criminal matters. []

d. [Emerick] avers that the trial court abused its discretion when finding that he was in contempt of the [PFA] Order and the sentence[] imposed of six (6) months of incarceration and $1,000 fine in violation of his Due Process Right afforded to him by the United States Constitution.

1925(b) Concise Statement, 8/5/22.

While the trial court wrote an opinion in response to the above issues, it is clear the trial court found the issues presented too vague for it to clearly identify the issues Emerick wished to raise on appeal. ***See*** Trial Court Opinion,

8/24/22, at 10 (addressing the first three issues together as they appear to be related; stating Emerick's fourth issue "appears to be" a hybrid sufficiency of the evidence and discretionary aspects of sentence challenge; and finding that Emerick framed his issues as Fifth Amendment violations, but that his issues seem to also be related to his right to testify, guaranteed by Article I, Section 9 of the Pennsylvania Constitution).

Since the concise statement did not sufficiently identify the issues for the trial court, the trial court was forced to guess as to the issues Emerick wished to raise on appeal. "Even if the trial court correctly guessed the issues Appellant brings before this Court, the vagueness of Appellant's Concise Statement renders all issues raised therein waived." *Commonwealth v. Heggins*, 809 A.2d 908, 912 (Pa. Super. 2002) (citation omitted).

Even if not waived for this reason, we would nevertheless find Emerick's issues waived for other reasons and/or without merit. Notably, on appeal, Emerick changed his issues to:

> 1. Whether the court denied [Emerick] his constitutional right to testify on his own behalf pursuant to the Fifth Amendment of the United States Constitution when they denied his request for a continuance where he had criminal charges pending for a related incident.
>
> 2. Whether the sentencing court abused its discretion by imposing a manifestly excessive sentence without sufficiently considering the fundamental norms underlying the sentencing process.

Appellant's Brief, at 8.

Emerick's actual argument devoted to his first issue is only one paragraph in total, and is no more than undeveloped assertions. *See Lackner v. Glosser*, 892 A.2d 21, 29 (Pa. Super. 2006) ("[A]rguments which are not appropriately developed are waived"). Emerick fails to cite to any pertinent authority in support of his arguments. *See* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). While he initially cites to some authorities, the authorities do not support his actual propositions. Instead, Emerick states some general case law for reference to the general pronouncements of the Fifth Amendment. Importantly, Emerick does not develop any argument to support his contention that he was "compelled" to testify at the PFA contempt hearing. *See Commonwealth v. Lewis*, 598 A.2d 975 (Pa. 1991) (Criminal defendant is not required to testify in his own defense and is therefore entitled to a "no adverse inference" jury instruction). Further, we agree with the trial court that while Emerick framed his issue as a Fifth Amendment violation in his 1925(b) concise statement and in his issue statement in his brief, his extremely limited argument alternates between a challenge to not only his Fifth Amendment privilege against self-incrimination but also his right to testify, which is guaranteed by Article I, Section 9 of the Pennsylvania Constitution.

Although we find this issue waived for multiple reasons, in as much as Emerick is challenging the trial court's denial of his request for continuance, we find Emerick's claim does not entitle him to relief.

We adhere to the following standard of review:

Because a trial court has broad discretion regarding whether a request for continuance should be granted, we will not disturb its decision absent an apparent abuse of that discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias, or ill-will.

*In re J.K.*, 825 A.2d 1277, 1280 (Pa. Super. 2003) (citations omitted).

The trial court adequately explained its reasoning in denying Emerick's request for a continuance while the criminal charges from the car accident remained outstanding. *See* N.T., 6/17/22, at 6; Trial Court Opinion, 8/24/22, at 10-13. Specifically, the court found the cases were sufficiently distinct because the cases involve different victims, and the facts and theories of both cases are completely separate. *See id*. Further, the court noted that since the other case was only just past the preliminary hearing stage, it could be at least another year, if not more, before that matter went to trial. *See id*. We cannot conclude the trial court abused its discretion in refusing to grant a continuance.

In his second issue, Emerick argues the trial court abused its discretion by imposing a manifestly excessive and unduly harsh sentence. Emerick concedes this is a challenge to the discretionary aspects of his sentence. "A

challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

Emerick could only preserve a claim to the discretionary aspects of the court's sentence if he noted a specific objection at the sentencing hearing or in a post-sentence motion to modify. ***See id***. Emerick did not object to any aspects of his sentence at the sentencing hearing, ***see*** N.T., 6/17/22, at 38-40, and did not file any post-sentence motions, let alone one challenging his sentence.

Nor did Emerick preserve a discretionary aspects claim in his 1925(b) statement. Regarding his sentence, Emerick argued "the trial court abused its discretion when finding that he was in contempt of the Protection from Abuse Order and the sentence imposed of six (6) months of incarceration and $ 1,000 fine in violation of his Due Process Right afforded to him by the United States Constitution." 1925(b) Concise Statement, 8/5/22, at ¶ d. Again, the trial court noted its confusion about what kind of claim Emerick was actually attempting to raise. ***See*** Trial Court Opinion, 8/24/22, at 13. Emerick asserted his discretionary aspects claim for the first time in his appellate brief, and accompanying Rule 2119(f) statement. As such, this claim is waived for this reason as well. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally

waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (en banc) (concluding substantial question was waived for failing to raise it at sentencing or in post-sentence motion).

Even if not waived, we discern no abuse of the court's discretion in the sentence imposed. Here, in its opinion on appeal, the trial court stated:

> With regard to sentencing, the [c]ourt sentenced [Emerick] within the legally permissible maximums. It is abundantly clear that [Emerick]'s conduct warranted the imposition of a maximum penalty. This was the third time [Emerick] violated the PFA in a six-month span. Although there is no such thing as a "minor" PFA violation, here [Emerick] drove to [Batko]'s residence and attempted to break in; to describe this conduct as extremely serious would be an understatement. [Emerick]'s repeated history of violating the PFA demonstrates that short, time-served sentences are no deterrent at all; the Court gave [Emerick] multiple chances to comply with the PFA, and for the third time in less than half a year he chose not to. The imposition of the maximum permissible penalty was therefore appropriate, as nothing less would have deterred [Emerick] from violating the PFA and served the ultimate goal of attempting to ensure [Batko]'s safety.

Trial Court Opinion, 8/24/22, at 14. Emerick has failed to establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

As we find Emerick's issues are waived and/or without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023