**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD JAMES BLOOM SR. | : | |
| | : | |
| Appellant | : | No. 582 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 17, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0001035-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD JAMES BLOOM SR. | : | |
| | : | |
| Appellant | : | No. 583 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 17, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000495-2024

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED: May 19, 2026**

Leonard Bloom appeals from the judgment of sentences imposed after he pled guilty to theft by deception in two separate cases.[1]  Additionally, counsel asked to withdraw from representation and filed a brief pursuant to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3922(a)(1).

*Anders v. California*, 386 U.S. 738 (1967). Upon review, we grant counsel's petition and affirm the judgment of sentence.

These appeals arise from the following incidents. On December 14, 2023, the Commonwealth charged Bloom with theft by deception and failure to make required disposition of funds. Bloom was hired to install a concrete driveway. He accepted an advance payment for the material, in the amount of $2,053.00, but did not purchase the materials or perform the work (Case No. 1035 of 2023).

While that case was pending, he was charged again with theft by deception on May 31, 2024. Bloom was hired to repair a metal roof/awning. He accepted advance payment for the material, in the amount of $4,000, but did not purchase the materials or perform the work (Case No. 495 of 2024).

On July 11, 2024, Bloom entered a negotiated plea in both cases. In exchange for his plea to one count of theft by deception in each case, the Commonwealth agreed to the following sentence:

> [Bloom is] to receive Time Served if restitution is paid prior to sentencing. If restitution is not paid prior to sentencing, [Bloom is] to receive a MINIMUM PERIOD of 1 year incarceration. Maximum to [be determined by] the [c]ourt; fines, costs, restitution, all other terms to the [c]ourt.

N.T., 7/11/25, at 3.

The parties structured the plea in this fashion to incentivize Bloom to pay the restitution prior to sentencing. Following Bloom's plea the court deferred sentencing for 60 days.

The court first scheduled Bloom's sentencing for September 24, 2024. At that time, Bloom requested a continuance so that he could earn extra money to pay the restitution, in full, prior to sentencing. The court rescheduled Bloom's sentencing for October 22, 2024, giving Bloom almost another month, and indicated there would be no further continuances. But before that hearing, Bloom had a heart attack, and the court continued the hearing again to November 26, 2024.

On November 18, 2024, Bloom requested that his hearing be rescheduled again due to his medical condition, need for rehabilitation, and inability to return to work until the end of January 2025. Bloom included medical documentation from his doctor in support of his request. The court granted Bloom's motion and rescheduled the hearing for February 18, 2025. For administrative reasons, the hearing was changed to March 6, 2025. However, because Bloom was in the hospital at that time, the court rescheduled the hearing to March 17, 2025.

Finally, on that date, Bloom appeared in court for sentencing. Although he did not have the full amount of restitution, he brought $1,000 with him. Bloom again asked the court to give him additional time to pay the restitution before it sentenced him. The court denied the request for additional time and sentenced Bloom in accordance with his plea agreement to 1 to 5 years' incarceration in each case, to run concurrently.

Bloom filed post-sentence motions, requesting a modification of his sentences to provided for either a county jail sentence with work-release

eligibility so he could pay the restitution or a delayed commitment. The court denied his motion.

Bloom filed these timely appeals.[2] Counsel filed an **Anders** brief with this Court and a petition to withdraw. Bloom did not retain independent counsel or file a *pro se* response to the **Anders** brief.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [him] of [his] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

---

[2] This Court consolidated these appeals *sua sponte*.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw.  Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*.  Additionally, the record included a copy of the letter that counsel sent to Bloom, indicating counsel's intention to seek permission to withdraw and advising Bloom of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Bloom's appeal is wholly frivolous.

In the *Anders* brief, counsel indicates that Bloom wishes to raise the following three issues:

- 5 -

I. Did the trial court commit an abuse of discretion in refusing to grant an additional continuance of the sentencing hearing?

II. Did the trial court commit an abuse of discretion by imposing a minimum period of one-year incarceration, rather than time-served incarceration, where [Bloom's] inability to pay restitution prior to the scheduled hearing was not willful, and was instead the unanticipated result of serious medical issues and inability to return to work?

III. Did the trial court commit an abuse of discretion by failing to impose a sentence that allowed for a delayed commitment for such period of time as required for [Bloom] to pay restitution in full prior to his commitment date?

*Anders* Brief at 5-6.

In his first issue, Bloom claims that the trial court abused its discretion by denying his request for a continuance at his hearing on March 17, 2025. Bloom argues that he provided sufficient reasons why he was unable to pay the full amount of restitution and why the prior continuances were inadequate; in particular, these included his unforeseen medical issues. *Anders* Brief at 16, 28.

Our review of a trial court's decision to grant or deny a request for continuance is well-settled:

The trial court is vested with broad discretion in the determination of whether a request for a continuance should be granted, and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will.

***Baysmore v. Brownstein***, 771 A.2d 54, 57 (Pa. Super. 2001) (citations omitted).

Here, finally, at the March 17, 2025 hearing, the trial court sentenced Bloom. The court did so despite Bloom's explanation as to why he did not have all the money and request for additional time. The court explained "this gentleman has been given approximately eight months to come up with restitution . . . if not more. And one thousand dollars is not going to cut it." N.T., 3/17/25, at 7.

Considering the trial court's indulgence, we cannot conclude that the court abused its discretion when it refused to defer Bloom's sentencing to give him even more time than it already had to pay restitution. The record clearly demonstrates that the court gave Bloom multiple continuances and opportunities to pay the restitution. It had been almost a year and a half since the first theft. And, although Bloom encountered circumstances out of his control, which may have precluded him from earning money to repay the restitution, he could have made a partial payment but did not. Bloom also waited to bring cash to his sentencing hearing on March 17, 2025, instead of paying it ahead of time. As the Commonwealth argued in response to Bloom's post-sentence motion, Bloom committed the same crime a second time, after he was charged in the first case, instead of trying to repay the amount he took from those victims. The Commonwealth further argued: "there's been excuse after excuse after excuse instead of working even to pay five, ten, fifteen dollars over this almost two-year period. He has done absolutely nothing."

N.T., 4/14/25, at 6. Based on Bloom's failure to pay anything despite multiple continuances, the record clearly demonstrates that the trial court's judgment was not manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *See Baysmore*, 771 A.2d at 57.

In his second issue, Bloom challenges the discretionary aspects of his sentence. Specifically, he argues that the trial court abused its discretion by sentencing him to a minimum of 1 year of incarceration rather than time served. *Anders* Brief at 18.

Instantly, we observe that, because Bloom entered a negotiated plea, he cannot challenge the discretionary aspects of his sentence.

> [W]hen the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining and would make a sham of the negotiated plea process.

*Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (quoting *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citation, quotation marks, and footnote omitted)).

Here, our review of the record confirms that Bloom entered a negotiated plea in both cases. Specifically, Bloom agreed to plead guilty to one count of theft by deception in each case, in exchange for a time-served sentence *and*

payment of restitution **prior** to sentencing. If he did not pay the restitution in full, Bloom agreed he would receive a minimum sentence of 1 year incarceration, the maximum to be determined by the court. Because he did not pay the full restitution, the trial court sentenced Bloom in accordance with the plea agreement.

Moreover, as counsel indicates, Bloom did not challenge the validity of, or move to withdraw, his plea. Even if he did, he would not have succeeded. **Anders** Brief at 24-26.

At the plea hearing, the court thoroughly colloquied Bloom on the record, as required under the law. Bloom confirmed that he read and executed the plea agreement and the written guilty plea colloquy. Bloom specifically indicated that he understood the terms of his plea and that he knowingly, voluntarily and intelligently accepted it. He also indicated that he understood and answered the questions in the written guilty plea colloquy. Bloom told the court that he had no questions regarding these documents. Notably, Bloom told the court that he understood the permissible range of sentences, fines, and maximum sentence for his offenses. N.T., 7/11/24, at 4-8. Thereafter, at the sentencing hearing, the trial court sentenced Bloom in accordance with the plea agreement. N.T., 3/17/25, at 11.

Thus, Bloom received the sentence for which he bargained. Because he waived any challenge to the discretionary aspects of his sentence, he cannot challenge it now. **See Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence

may not then seek discretionary review of that sentence."). Accordingly, Bloom is precluded from appealing the discretionary aspects of his minimum sentence.[3]

In his third and final issue, Bloom claims that the trial court abused its discretion when it refused to delay his commitment until he paid the restitution. *Anders* Brief at 23.

Again, as discussed above, Bloom had the chance to avoid commitment altogether, except for time served, land multiple opportunities to delay his commitment. However, he failed to take advantage of them. Furthermore, the negotiated plea agreement provided that Bloom was to pay restitution before sentencing, not before incarceration. The trial court adhered to the terms of the plea agreement, ensuring that the Commonwealth received the benefit of its bargain. Therefore, we conclude that the trial court did not abuse its discretion when it refused to further delay Bloom's commitment.

For the foregoing reasons, we conclude that Bloom's claims on appeal are frivolous. Further, in accordance with *Dempster*, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[3] Similarly, as counsel observes, payment of restitution was part of his negotiated plea for which he cannot now challenge the amount thereof. *Cf. Commonwealth v. Ortiz*, 854 A.2d 1280, 1284 (Pa. Super. 2004).

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/19/2026